RPROB 12B
(7/93)

Sr. USPO Korb

# United States District Court

for the

## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Kyriakos Evangelou                    Case Number: 02-CR-837-01

Name of Sentencing Judicial Official: The Honorable Frederic Block, Senior U.S. District Judge

Date of Original Sentence: March 2, 2004

Original Offense:       18 U.S.C. § 1951, Conspiacy to Commit Robbery, a Class C felony and
                        18 U.S.C. § 924(c), Use of a Firearm During a Crime of Violence, a Class A felony.

Original Sentence:      84 months custody and three years supervised release with special conditions
                        requiring the offender to participate in drug treatment and to pay $55,000 restitution,
                        (jointly and severally) at a rate of $500 monthly, and full financial disclosure. A $200
                        special assessment was also ordered (paid).

Type of Supervision: Supervised Release                 Date Supervision Commenced: April 8, 2010

---

### PETITIONING THE COURT

☐   To extend the term of supervision for years, for a total term of years.

☒   To modify the conditions of supervision as follows:

> **The defendant shall participate in the home detention program for 90 days, commencing on a date to be determined by the Probation Department. The defendant shall be required to be at his/her residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay.**

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

The offender submitted urine specimens on 08/06/10 and 1/24/11, which tested and confirmed positive for marijuana use. On 09/07/10, the offender submitted a urine specimen which tested and confirmed positive for the use of morphine. The offender was placed into out-patient drug treatment on Staten Island in June 2010.

Although the offender denied using morphine, he admitted to using marijuana in August 2010, and on several occasions in January 2011. He also admitted to regular use of K-2, a synthetic cannabis product marketed as an "herbal incense" which does not produce positive test results for marijuana.

The offender blamed his relapse on his inability to deal effectively with stress and insomnia. In an effort to assist the offender with his relapse triggers, his individual substance abuse treatment sessions were increased from two to three sessions weekly. On 2/3/11, the offender was placed on an Attendance Agreement after missing numerous out-patient drug treatment sessions. The offender has been described as being "disruptive" and "disrespectful" during his out-patient group substance abuse treatment sessions.

Since October 2010, the offender has worked part-time at the Clinton Street Café in Brooklyn. Despite submitting paychecks reflecting $750 gross monthly income, the offender has only made $150 in restitution payments to-date. Since 1/31/11, the offender has been enrolled in the Environmental Remediation Technician Training Program, at the St. Nick's Alliance Work Development Corp. in Brooklyn, which he is expected to complete end of April 2011.

The requested modification will serve as a punitive sanction for the relapse and also control where and how he spends his leisure time. The offender voluntarily signed the attached Probation Form 49, agreeing to the proposed term of home detention.

Upon a finding that the offender illegally used a controlled substance during supervision, the Court must revoke the term of supervised release and impose a term of incarceration not exceeding that noted in 18 U.S.C. 3583(e)(3). 18 U.S.C. 3583(g); U.S. v. Wirth, 250 F.3d 165 (2d Cir. 2001). Although an exception may be considered where the court finds the offender's past or current involvement in an appropriate treatment program warrants a reprieve from mandatory revocation (see 18 U.S.C. 3583(d)). Absent reprieve, the statute mandates that the Court shall revoke the term of supervised release and require the offender to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under 18 U.S.C. 3583(e)(3). 18 U.S.C. 3583(g). If less than the maximum incarceration is imposed, the Court may order a new term of supervised release to follow. 18 U.S.C. 3583(h). The new term of supervised release, together with the term of incarceration, cannot exceed the maximum period of supervision allowed by statute. 18 U.S.C. 3583(h).

Respectfully submitted by:

Adriana Korb
Senior U.S. Probation Officer

Arthur M. Swasey
Supervising U.S. Probation Officer
Date: 3/28/11

THE COURT ORDERS:

☒ The requested special condition is approved.

☐ The Probation Department is to submit a violation report based on the information related to the offender's drug use

☐ Other _____

s/ Judge Frederic Block

Signature of Judicial Officer     Date 3/28/11

⬥PROB 49
(NYEP-10/28/05)

# United States District Court

## EASTERN DISTRICT OF NEW YORK

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and the assistance of counsel before any unfavorable change(s) may be made in my conditions of Probation and/or Supervised Release or before my period of supervision can be extended. By assistance of counsel, " I understand that I have the right to be represented at a hearing by counsel of my choosing if I am able to retain counsel. I also understand that I have the right to request that the Court appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel. "

I hereby voluntarily waive my statutory right to a hearing and to the assistance of counsel. I also hereby agree to the following modification (s) of my conditions of Probation and/or Supervised Release or to the proposed extension of my term of supervision:

*For a period of  90  days, the defendant shall be confined to his/her residence, commencing on a date approved by the U.S. Probation Office. The defendant shall be required to be at his residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and at other such times as may be specifically authorized, in advance, by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow all location monitoring procedures. The defendant shall permit the Probation Officer access to the residence at all times and maintain a telephone without any custom services at the residence. During this period, the defendant may be placed on a curfew if the U.S. Probation Office determines that this less restrictive form of location monitoring is appropriate. The defendant shall pay all the costs associated with the location monitoring services and shall disclose all financial information and documents to the Probation Department to assess his/her ability to pay.*

Witness: _____  Signed: _____
U.S. Probation Officer                              Probationer or Supervised Releasee

03/22/2011
Date